IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLEN BENNETT,                        )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )    CIVIL NO. 09-046-GPM
                                      )
JODY MOORE, *et al.*,                 )
                                      )
              Defendants.             )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible

on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

### "3 STRIKES" AND IMMINENT DANGER

Plaintiff has had at least three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Bennett v. McDonnell*, Case No. 91 C 5565 (N.D. Ill., dismissed Sept. 25, 1991); *Bennett v. Welborn*, Case No. 91 C 00376 (S.D. Ill., dismissed Jan. 9, 1992); *Bennett v. Troka*, Case No. 01 C 8843 (N.D. Ill, dismissed Jan. 14, 2002); *Bennett v. Pernecke*, Case No. 03 C 5071 (N.D. Ill., dismissed Nov. 24, 2003). Normally, this would preclude Plaintiff from proceeding *in forma pauperis*. 28 U.S.C. § 1915(g).

Certain allegations in the instant complaint, however, indicate that Plaintiff is under imminent danger of serious physical injury. Specifically, Plaintiff alleges that he has a "torn colon" which he suffered as a result of a sexual assault and that he is being denied "recommended surgery" to repair it. Based on Plaintiff's allegation that he is being denied adequate medical care for his "torn colon," the Court granted Plaintiff's motion to proceed *in forma pauperis* on that claim only.

### THE COMPLAINT

As noted above, Plaintiff alleges that he is being denied adequate medical care by Defendants Feinerman, an Unknown Medical Technician, and an Unknown Nurse for his "torn colon" in violation of his Eighth Amendment rights. In addition, Plaintiff charges that other Defendants have falsified his criminal record and failed to protect him from the sexual assault from which he received the "torn colon," and that he is a victim of "ongoing state and judicial corruption against him."

Plaintiff's motion in support of his motion to proceed *in forma pauperis* (Doc. 6), his motion to file a group exhibit (Doc. 7), his motion for a temporary restraining order (Doc. 8), and his motion to file an amended temporary restraining order (Doc. 14) each concern claims other than his "torn colon" claim. Therefore, these motions are denied.

### DISCUSSION

Plaintiff's claim that he is being denied adequate medical care by Defendants Feinerman, Unknown Med Tech, and Unknown Nurse survive review under § 1915A and should not be dismissed at this time. This is the claim which the Court identified as presenting Plaintiff with "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g) and for which the Court has allowed Plaintiff to proceed *in forma pauperis*.

Plaintiff, however, may not piggyback his other claims – those not presenting an imminent danger of serious physical injury – to the above medical claim. Despite Plaintiff's argument to the contrary, he is not under imminent danger of serious physical injury with regard to these other claims. Accordingly, these claims will be dismissed because Plaintiff has not been authorized to proceed with them without full payment of the $350 filing fee. Should he wish to pursue these claims, he must file a separate action, together with payment of the full filing fee.

### SUMMARY

**IT IS HEREBY ORDERED** that all of Plaintiff's claims are **DISMISSED** without prejudice **EXCEPT** his claims that Defendants Feinerman, Unknown Med Tech, and Unknown Nurse denied him adequate medical care for his "torn colon" in violation of his Eighth Amendment rights.

**IT IS FURTHER ORDERED** that because there are no pending claims asserted against

them, Defendants Moore, Hill, Monroe, Westerman, Hulick, Pernecke, Fox, Brown, Brim, Ware, Spiller, Benton, and Walker are **DISMISSED** as Defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions in support of his motion to proceed *in forma pauperis* (Doc. 6); to file group exhibits (Doc. 7); for a temporary restraining order (Doc. 8); and to file an amended temporary restraining order (Doc. 14) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendant **Feinerman** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk of Court is **DIRECTED** to send Plaintiff **3** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **Feinerman**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **Feinerman** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown Med Tech or Unknown Nurse until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's

responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendant(s) or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendant(s) or his/their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to United States District Court for the Southern District of Illinois Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of the action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: 06/26/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge