**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALLEN BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-046-GPM |
| ) | |
| DR. FEINERMAN, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff is incarcerated in the Menard Correctional Center. He filed this action pursuant to 42 U.S.C. § 1983 claiming deprivation of his constitutional rights. Specifically, Plaintiff alleges that Defendants Feinerman, an Unknown Medical Technician, and an Unknown Nurse are denying him adequate medical care for his "torn colon" in violation of the Eighth Amendment. The Court has granted Plaintiff leave to proceed *in forma pauperis* on his claim because Plaintiff alleges he is in "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g).

On July 15, 2009, United States Magistrate Judge Philip M. Frazier denied Plaintiff's motion for leave to file an amended complaint (Doc. 22). Plaintiff objects to that ruling (*see* Doc. 23).

Plaintiff's objection involves a non-dispositive ruling. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule of the United States District Court for the Southern District of Illinois 73.1(a), this Court shall set aside any portion of Magistrate Judge Frazier's July 15th Order that is clearly erroneous or contrary to law.

Magistrate Judge Frazier denied Plaintiff's motion because the proposed pleading outlined

claims that this Court had dismissed pursuant to 28 U.S.C. § 1915(g) (Doc. 22). Not only is this conclusion not clearly erroneous, but this Court agrees with it. Plaintiff has included previously dismissed defendants Moore, Hill, Monroe, Spiller, Benton, Westerman, and Walker in his motion (Doc. 18). Internal Affairs Officer Thomas is the only new defendant named, but Plaintiff does not allege that Thomas is involved in any current denial of medical care. Only a few paragraphs in Plaintiff's proposed Second Amended Complaint pertain to medical care, where Plaintiff claims his condition is "badly neglected" and he is suffering from pain and in deteriorating health. The rest of the proposed Second Amended Complaint repeats allegations of assault, conspiracy, and other claims.

Plaintiff may only proceed *in forma pauperis* on his claim of denial of adequate medical care (Doc. 16). Other claims require payment of the full filing fee and must be pursued separately.

The Court also reminds Plaintiff of the provision in the June 16, 2009, Order requiring Plaintiff to serve upon Defendants a copy of every pleading or other document submitted for consideration by this Court (Doc. 16). Plaintiff must also include with each original paper filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel (*Id*.). The Court previously warned: "[a]ny paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court" (*Id*.). Plaintiff has not followed the Court's Order. Neither his motion for leave to amend (Doc. 18) nor his appeal of the magistrate judge's Order (Doc. 23) were served on Defendants. The Court will not accept future pleadings or motions that fail to comply with the June 16th Order.

Because Plaintiff cannot show that Magistrate Judge Frazier's July 15th Order is clearly

erroneous or contrary to law, Plaintiff's objection (Doc. 23) is **OVERRULED**.

**IT IS SO ORDERED.**

DATED:  10/21/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
