**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ALLEN BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-046-GPM** |
| | ) | |
| **JODY MOORE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Allen Bennett filed this action under 42 U.S.C. § 1983 while he was confined at Menard Correctional Center (Menard). He was allowed to proceed under 28 U.S.C. § 1915(g) on his claim that he did not receive adequate medical treatment for a colon injury.[1] Adrian D. Feinerman, who previously was employed as the medical director at Menard, is the only remaining defendant. Despite trying, the Court and defense counsel have been unable to locate Plaintiff. Defendant Feinerman now moves to dismiss the action for Plaintiff's failure to comply with the Court's orders.

Plaintiff was ordered by pretrial orders of his obligation to notify the Clerk of Court and defense counsel of any change in his whereabouts (*see* Docs. 16, 65). When Plaintiff was released from confinement in December 2009, he timely provided a temporary address in Ohio and indicated

---

[1]This section creates an exception to the three strikes rule for indigent litigants with a history of frivolous filings where they face imminent danger of physical injury. 28 U.S.C. § 1915(g).

that he would forward a permanent address as soon as possible (*see* Doc. 58).

According to Defendant's papers, Plaintiff advised defense counsel that he actually was living in Chicago, Illinois, and was unable to leave the Chicago area.  Defense counsel therefore scheduled Plaintiff's deposition on March 10, 2010, in Chicago.  A few days before the deposition, Plaintiff requested a new date.  An amended notice setting the deposition set for April 8, 2010, was sent to Plaintiff at his address of record in Ohio (Doc. 69-2).  Defense counsel traveled from Springfield to Chicago to take Plaintiff's deposition on April 8th; Plaintiff failed to appear.  When he was reached by telephone, Plaintiff expressed confusion about the date and explained that he could not attend because he was living in Minnesota.  On April 9, 2010, Plaintiff left a voice message for defense counsel, indicating that he was represented by counsel who would be filing an appearance "pretty soon."  He asked that his deposition be rescheduled and explained that he would seek a protective order related to a dispute regarding criminal history records (Doc. 69-3).

On April 13, 2010, Defendant filed a motion for rule to show cause why Plaintiff should not be sanctioned for his failure to appear at the deposition.  The motion asked for reasonable expenses and attorney fees, as well as an order directing Plaintiff to give his deposition in Springfield, Illinois. The motion was sent to Plaintiff's address of record in Ohio (Doc. No. 69).  On April 14, 2010, the Court set Defendant's show cause motion for hearing on May 7th.  Notice was sent to Plaintiff at his address of record in Ohio.

On May 3, 2010, Plaintiff filed a *pro se* motion for injunctive and other relief.  In this motion, Plaintiff explained that he was "in hiding" in Minnesota because of a dispute with the Illinois state police regarding his criminal history records.  He asked for injunctive relief or additional time to present further evidence.  Although Plaintiff did not provide his current address,

the Clerk's Office gleaned a return address in Minneapolis, Minnesota, on the mailing envelope. After mail was returned as undeliverable to the Minnesota address, the Clerk of Court changed Plaintiff's address of record back to the Ohio address, which is the only address that Plaintiff specifically has given the Court since his release.

United States Magistrate Judge Philip M. Frazier held a show cause hearing on May 7th; Plaintiff did not attend the hearing. Magistrate Judge Frazier instructed defense counsel to submit an affidavit of the fees and expenses incurred as a result of Plaintiff's failure to attend his deposition and granted Plaintiff 10 days to respond. Defense counsel submitted an affidavit seeking $1,505.00 in fees and expenses; Plaintiff did not respond. On May 24th, Magistrate Judge Frazier ordered Plaintiff to reimburse defense counsel $1,505.00 within 14 days. After Plaintiff failed to reimburse defense counsel as ordered, Defendant filed a motion to dismiss on July 1, 2010. Plaintiff has not responded to the motion to dismiss.

In the meantime, on June 9th, Magistrate Judge Frazier issued a Report and Recommendation, recommending that Plaintiff's motion for injunctive and other relief be denied. Plaintiff failed to file any objection to the Report and Recommendation. Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Accordingly, the Court **ADOPTS** Magistrate Judge Frazier's Report and Recommendation (Doc. 77),[2] and Plaintiff's motion for injunctive and other relief (Doc. 71) is **DENIED**.

Turning to the motion to dismiss, it is clear that dismissal with prejudice is an appropriate

---

[2]While a *de novo* review is not required, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Frazier.

consequence to Plaintiff's continued disregard for this Court's orders.  Not only has Plaintiff failed to keep the Clerk of Court apprised of his whereabouts as directed, he failed to comply with Magistrate Judge Frazier's order awarding defense counsel reimbursement for the deposition that Plaintiff failed to attend.  Plaintiff has not appeared for Court hearings when given an opportunity to do so, and he has not filed a written response to the motion to dismiss.  *See* SDIL-LR 7.1(c) (granting the Court discretion to treat the lack of a response as an admission that the motion is meritorious).  Defendant's motion (Doc. 78) is **GRANTED**, and this action is **DISMISSED with prejudice** for Plaintiff's failure to comply with the orders of this Court.  *See* FED. R. CIV. P. 41(b).  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

      **IT IS SO ORDERED.**

      DATED:  12/06/10

                            s/ *G. Patrick Murphy*
                            G. PATRICK MURPHY
                            United States District Judge